IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-615-D

| | | |
|---|---|---|
| JENELL O'FAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SESSOMS & ROGERS, P.A., | ) | |
| UNIFUND CCR PARTNERS, | ) | |
| PEDRO ZABALA, II, and | ) | |
| DONNA PRIMROSE, | ) | |
| | ) | |
| Defendants. | ) | |

On December 18, 2008, Jennell O'Fay ("O'Fay" or "plaintiff") filed this suit alleging that Sessoms & Rogers, P.A., Unifund CCR Partners ("Unifund"), Pedro Zabala, II, and Donna Primrose (collectively "defendants") violated the Fair Debt Collections Practices Act ("FDCPA"). In her complaint, O'Fay alleged three FDCPA violations: (1) defendants filed a state court action to collect a debt outside the applicable statute of limitations, Compl. ¶¶ 17–23; (2) during the state-court action, defendants falsely represented plaintiff's address by submitting a document containing an address code rather than plaintiff's actual address and titling the document "Copy of Monthly Billing Statement dated December 27, 2005," in violation of 15 U.S.C. § 1692e(10), Compl. ¶¶ 24–30; and, (3) Unifund failed to report accurately that the underlying debt was disputed in violation of 15 U.S.C. § 1692e(8), Compl. ¶¶ 31–36. Defendants denied violating the FDCPA and filed a counterclaim under North Carolina law seeking to recover on the underlying debt. On August 28, 2009, plaintiff abandoned her claim that defendants violated the FDCPA by filing a time-barred state court action [D.E. 32].

On February 9, 2010, the court granted plaintiff's motion to dismiss defendants' counterclaim for lack of subject-matter jurisdiction, granted plaintiff's motion for partial summary judgment on

her claim under 15 U.S.C. § 1692e(8) and awarded $1,000 in statutory damages against Unifund [D.E. 49]. The court also granted defendants' motion for summary judgment on plaintiff's 15 U.S.C. § 1692e(10) claim and dismissed without prejudice defendants' motion for summary judgment on their counterclaim [D.E. 49].

On February 23, 2010, plaintiff moved for the award of $17,662.50 in attorney's fees for the underlying litigation, $1,485 in attorney's fees for the fee litigation, and $350 in costs pursuant to 15 U.S.C. § 1692k(a) [D.E. 50]. See Statement of Fees 1; Statement of Fees Supp. 1. Defendants responded in opposition [D.E. 57] and plaintiff replied [D.E. 59]. As explained below, the court grants plaintiff's motion in part and denies plaintiff's motion in part, and orders Unifund to pay plaintiff $6,382.50 in attorney's fees and $350.00 in costs.

I.

Section 1692k allows a plaintiff "in the case of any successful action" under the FDCPA to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Although the FDCPA mandates an award of reasonable attorney's fees, the amount of the "reasonable attorney's fee" is within the sound discretion of the district court. See, e.g., Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628–29 (4th Cir. 1995).

In calculating an award of reasonable attorney's fees, a district court first must determine the "lodestar" amount (reasonable hourly rate multiplied by hours reasonably expended), and then must apply the Johnson/Barber factors. See, e.g., Grissom v. Mills Corp., 549 F.3d 313, 320–21 (4th Cir. 2008); Carroll, 53 F.3d at 628–29; Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting twelve-factor test set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), overruled on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)); see also Hensley v. Eckerhart, 461 U.S. 424, 433–34 & n.9 (1983) (approving Johnson's twelve-factor test and explaining lodestar calculations). This lodestar figures "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley, 461 U.S. at 433.

2

Although counsel for the successful litigant is expected to "make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" a district court, in exercising its discretion, must independently "exclude from this initial fee calculation hours that were not reasonably expended." Id. at 434 (quotation omitted). Although the Johnson/Barber factors often are subsumed within the lodestar figure, the court also may consider these factors in determining whether the lodestar figure is reasonable. See id. at 435. The Johnson/Barber factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987). In considering the Johnson/Barber factors, the court is to consider all twelve factors, but need not robotically list each factor or comment on those factors that do not apply. See, e.g., Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.), 86 F.3d 364, 376 (4th Cir. 1996).

After calculating the lodestar figure, the "court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Grissom, 549 F.3d at 321 (quotation omitted). "Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir. 2002). In many cases, much of counsel's time "will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Hensley, 461 U.S. at 435. In such a case, the district court focuses "on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. In any event, the most critical factor in

3

determining a fee award is "the degree of success obtained." Id. at 436. The court, in awarding attorney's fees, has discretion to "attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Id. at 436–37.

Plaintiff's request for an award of attorney's fees is based on 78.5 hours expended at an hourly rate of $225 resulting in a total charge of $17,662.50. See Statement of Fees 1; Martin Decl. ¶ 22. Plaintiff's counsel then subtracted $3,698.75 based on "claims that [p]laintif eventually abandoned or lost." See Mem. Supp. Mot. Fees 19; Statement of Fees 1. Plaintiff's counsel also requests $1,485 for the 6.6 hours she spent preparing a reply to defendant's response. Statement of Fees Supp. 1. Unifund did not object to the hourly rate, and this amount is consistent with what other attorneys with similar experience charge in similar matters. See Tye v. Brock & Scott, PLLC, No. 1:09-CV-96, 2010 WL 428964, at * 3 (M.D.N.C. Feb. 1, 2010); Begnoche Aff. ¶ 11; Lapas Aff. ¶ 8; McIntyre Aff. ¶¶ 5, 8; Maynard Aff. ¶¶ 5, 8; McNulty Aff. ¶ 5.

The court is very familiar with the claims and record in this case. See Carroll, 53 F.3d at 628 (explaining that the district court has a "ringside view of the relevant conduct of the parties and the underlying legal dispute" (quotation omitted)). Plaintiff's claims in this case involved routine application of the FDCPA and did not involve novel or complex legal issues. Indeed, two of plaintiff's three FDCPA claims failed and plaintiff's counsel should have abandoned these claims earlier in the case. In this case, plaintiff's counsel achieved success on one straightforward FDCPA claim. Cf. id. at 630.

Plaintiff calculated the lodestar figure by multiplying an hourly rate of $225 by the number of hours her counsel worked on this case, 78.5 hours. See Mot. Fees 1; Statement of Fees 1; Martin Decl. ¶ 22. After calculating the lodestar figure, plaintiff then subtracted $3,698.78 based on "claims that [p]laintiff eventually abandoned or lost." See Mem. Supp. Mot. Fees 19; Statement of Fees 1. Plaintiff's also requests $1,485 for the 6.6 hours that her attorney spent preparing a reply to defendants' response. Statement of Fees Supp. 1. Unifund takes issue with the amount that should

4

be excluded based on unsuccessful claims and the reasonableness of plaintiff's request, but does not otherwise contest plaintiff's calculation of the lodestar figure. See Mem. Opp'n 1–11. Thus, the initial lodestar amount of attorney's fees is $13,963.72 for the underlying litigation plus $1,485 in fees for the fee litigation.

The touchstone of an attorney's fee award "is the degree of success obtained." See Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quotation omitted); Hensley, 461 U.S. at 436. Although strict proportionality between attorney's fees and the amount of plaintiff's recovered damages is not required, see Yohay v. City of Alexandria Employees Credit Union, Inc., 827 F.2d 967, 974 (4th Cir. 1987), the court is to award "some percentage of the [requested attorney's fees], depending on the degree of success enjoyed by the plaintiff." See City of Aiken, 278 F.3d at 337. As noted, plaintiff achieved success on only one of her three FDCPA claims. Cf. Carroll, 53 F.3d at 630. Moreover, two of plaintiff's three claims were meritless, and Unifund "should not have to shoulder the entire financial burden occasioned by [plaintiff's counsel's] failure to make a reasonable assessment of the value of [the] case." Altergott v. Modern Collection Techniques, Inc., 864 F. Supp. 778, 783 (N.D. Ill. 1994). However, plaintiff should recover a reasonable attorney's fee for research and briefing associated with the counterclaim.

In light of the lodestar calculation, the time and labor expended, the degree of success obtained, the documentation, the straightforward nature of the successful FDCPA claim, the meritless nature of two FDCPA claims, the skill required, and the amount in controversy, a two-third's reduction in plaintiff's total attorney's fees is reasonable. (The remaining Johnson/Barber factors are not relevant to resolving this motion.) The total attorney's-fee figure constitutes $17,662.50 for the underlying litigation plus $1,485 in fees for the fee litigation. Thus, plaintiff is awarded reasonable attorney's fees in the amount of $6,382.50.

5

Additionally, plaintiff, in filing this action, incurred $350 in costs [D.E. 54]. This amount is compensable under the FDCPA. See 15 U.S.C. § 1692k(a). Thus, the court awards $350 in costs to plaintiff.

## II.

As explained, the court GRANTS in part plaintiff's motion for attorney's fees and costs [D.E. 50] and ORDERS Unifund to pay plaintiff $6,382.50 in attorney's fees and $350 in costs.

SO ORDERED. This _9_ day of August 2010.

JAMES C. DEVER III
United States District Judge